# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 2, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**SHARON NEELEY, WIDOW OF
NOBLE RAY NEELEY
Claimant Below, Petitioner**

**vs.)    No. 13-0852** (BOR Appeal No. 2048126)
                     (Claim No. 2010112633)

**ALCAN ROLLED PRODUCTS – RAVENSWOOD, LLC,
Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sharon Neeley, widow of Noble Ray Neeley, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products – Ravenswood, LLC, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2013, in which the Board affirmed a January 25, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 30, 2010, decision denying dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Neeley, a thirty-nine year employee of Alcan Rolled Products, was diagnosed with occupational pneumoconiosis. The Occupational Pneumoconiosis Board, based upon its examination, opined that Mr. Neeley developed occupational pneumoconiosis in the course of and as a result of his employment. Subsequently, Mr. Neeley received a 20% permanent partial disability award related to his occupational pneumoconiosis. Thereafter in 2001, Mr. Neeley

retired. On February 2, 2009, Mr. Neeley passed away at the age of sixty-one. The immediate cause of death listed on the death certificate was arteriosclerotic vascular disease. On February 11, 2009, an autopsy was performed by Angel Cinco, M.D., who opined that the post-mortem examination revealed evidence of chronic obstructive lung disease with bilateral emphysema, congestion, and edema. Both lungs revealed a mixed dust pneumoconiosis with iron, silica, and coal dust. Dr. Cinco also noted an unusually large collection of macrophages containing yellow brown, birefringent crystals of undetermined nature. Dr. Cinco also determined there was no evidence of malignancy. On September 16, 2010, the Occupational Pneumoconiosis Board analyzed Mr. Neeley's medical history. It determined that occupational pneumoconiosis was not a material contributing factor in Mr. Neeley's death. Accordingly, the claims administrator adopted the findings of the Occupational Pneumoconiosis Board and denied Mrs. Neeley's request for dependent's benefits. Mrs. Neeley protested.

Donald Rasmussen, M.D., conducted a record review of Mr. Neeley's file and determined that occupational pneumoconiosis was a material contributing factor in Mr. Neeley's death. Dr. Rasmussen found that Mr. Neeley's history of shortness of breath and respiratory complaints were consistent with both cigarette smoking and exposure to toxic substances in aluminum manufacturing. Dr. Rasmussen also found that Mr. Neeley's severe chronic lung disease made him much more susceptible to acute cardiovascular events. Dr. Rasmussen did note that he did not have some of the information that was considered by the Occupational Pneumoconiosis Board.

John Craighead, M.D., also conducted a record review. Dr. Craighead examined Mr. Neeley's lung tissue post-mortem and determined that occupational pneumoconiosis was not a material contributing factor in his death. Dr. Craighead found that he had a mild amount of dust in the lungs. Dr. Craighead further noted that the carbonaceous dust was in part a reflection of cigarette smoking and was not unusually prominent for someone of Mr. Neeley's age. Mr. Neeley was sixty-one years old at the time of his death. Dr. Craighead opined that the granular material described in Dr. Rasmussen's letter and Dr. Cinco's autopsy as brown birefingent pigment of undetermined nature was a common artifact related to the accumulation of formalin precipitate in lung tissue with the passage of time. The granular material did not, in Dr. Craighead's opinion, indicate a pre-mortem acquisition of pigment, silica, or iron in the lungs. A few iron macrophages were found in the lungs, but that finding was consistent with Mr. Neeley's cardiovascular and pulmonary disease. Joseph Renn, M.D., also conducted an analysis of the case. In his opinion occupational pneumoconiosis was not a material contributing factor in Mr. Neeley's death. Dr. Renn opined that smoking caused Mr. Neeley's emphysema and it might have contributed to his decline in cardiac function.

The Occupational Pneumoconiosis Board gave their testimony on December 9, 2012. According to the Occupational Pneumoconiosis Board, Mr. Neeley's occupational pneumoconiosis was not a material contributing factor in his death. The Occupational Pneumoconiosis Board determined that Mr. Neeley passed away from coronary artery disease. On behalf of the Occupational Pneumoconiosis Board, Jack Kinder, M.D., testified that Mr. Neeley's occupational pneumoconiosis was not severe enough to cause significant damage to the heart.

The Office of Judges adopted the conclusion of the Occupational Pneumoconiosis Board. In support of its conclusion, the Office of Judges noted the only evidence of record suggesting that occupational pneumoconiosis was a material contributing factor in Mr. Neeley's death was the report of Dr. Rasmussen. The Office of Judges found that Dr. Rasmussen's conclusion is contrary to the opinions of the Occupational Pneumoconiosis Board, Dr. Craigshead, and Dr. Renn. Moreover, the Office of Judges found that his findings are difficult to reconcile with the remaining medical evidence of record which suggests mild and not severe, pulmonary impairment. Additionally, Dr. Rasmussen noted that multiple reports considered by the Occupational Pneumoconiosis Board were not available for his review. As a result, the Office of Judges determined Dr. Rasmussen had less credible information at his disposal to form his conclusion. The Board of review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the Office of Judges and the Board of Review. Mrs. Neeley has not proven that occupational pneumoconiosis was a material contributing factor in her husband's death. Dr. Rasmussen is the only physician who opines that occupational pneumoconiosis was a material contributing factor in Mr. Neeley's death, and his opinion is not consistent with the evidence of record. It was not error for the Office of Judges to rely on the opinions of the Occupational Pneumoconiosis Board, Dr. Craighead, and Dr. Renn.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman